This action was originally brought in the Summit County Common Pleas by Edgar Martin, Trustee, in Bankruptcy of The Greenwich Rubber Co., for $1000 on a stock subscription.
Carl Steinke admits signing a stock subscription contract, but alleges as a defense that the same had been delivered to the president of the company, who was the soliciting agent, with the express condition that the contract was not to become effective until further notice. Steinke claims that no such notice was ever given that the signed paper should become a contract. This stock subscription was entered on the company’s books 22 months before bankruptcy as an account receivable.
The Trustee’s reply set up that the con *43 tract was delivered to the company 22 months before insolvency; that Steinke allowed the contract to remain as a stock subscription with no knowledge on the part of the creditors of any conditions attached; that the subscription was entered as assets and so advertised to secure credit; that credit was extended to the company on the strength of the subscription; and therefore as to the Trustee in Banlcruptcy, who represents the creditors, Steinke is estopped from denying the existence of a valid contract.
Attorneys — Burch, Bacon & Denlinger and Wilcox, Berk & Harvey, for Martin; Musser, Kimber & Huffman, for Steinke; all of Akron.
The trial court charged the jury that in order to return a verdict for the Trustee they must find that Steinke intended to enter into the contract according to its terms. The jury returned a verdict for Steinke, which was affirmed by the Summit County Appeals.
The trustee in the Supreme Court contends:
1. That acceptance of a stock subscription by the corporation is presumed.
2. That the court erred in placing the burden of proof on the company to prove the delivery of the contract' without conditions.
3. That it is presumed that creditors granted credit upon the strength of the stock subscriptions.
4. That Steinke is estopped from claiming exemption from liability on the contract.